1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   MICHAEL A. YOCOM, | Case No.   1:20-cv-00645-JDP |
| 12              Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO |
| 13       v. | EXHAUST |
| 14   ATTORNEY GENERAL, | OBJECTIONS DUE IN THIRTY DAYS |
| 15              Respondent. | ECF No. 1 |
| 16 | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |
| 17 | |

18          Petitioner Michael A. Yocom, a state prisoner without counsel, seeks a writ of habeas

19   corpus under 28 U.S.C. § 2254.  ECF No. 1.  This matter is before us for preliminary review

20   under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, a district court must

21   dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  *See*

22   *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124,

23   1127 (9th Cir. 1998).  Courts have "an active role in summarily disposing of facially defective

24   habeas petitions" under Rule 4.  *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation

25   omitted).  Because petitioner's direct appeal is pending before the California Court of Appeal, we

26   recommend that the petition be dismissed without prejudice.

27

28

                                1

**Discussion**

In *Younger v. Harris*, 401 U.S. 37, 44 (1971), the Supreme Court held that a federal court generally cannot interfere with pending state criminal proceedings.  This holding, commonly referred to as the "Younger abstention doctrine," is based on the principle of federal-state comity.  *See id*.  In the habeas context, "[w]here . . . no final judgment has been entered in state court, the state court proceeding is plainly ongoing for purposes of *Younger*."  *Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019).  Therefore, when an appeal of a state criminal conviction is pending, "a would-be habeas corpus petitioner must await the outcome of his appeal" before seeking federal habeas relief.  *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Here, petitioner seeks relief from his 2018 attempted murder conviction.  ECF No. 1 at 2.  Petitioner states that he has unsuccessfully sought habeas relief before the Tulare County Superior Court, the California Court of Appeal, and the California Supreme Court.  *Id*. at 3-4.  However, petitioner's direct appeal of his conviction is currently pending before the California Court of Appeal.  *Id*. at 4; *People v. Yocom*, No. F077786 (Cal. Ct. App. July 13, 2018).  Because "a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending," we recommend that the petition be dismissed without prejudice to refiling after the direct appeal is final.[1]  *Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013); *see Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) (explaining that *Younger* abstention requires dismissal of the federal action).

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's dismissal of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C.

---

[1] Notably, it appears that only two of petitioner's three claims for relief were exhausted in his state habeas petitions.  Here, petitioner claims that: (1) there was insufficient evidence presented at trial to support his conviction, (2) his counsel was ineffective, and (3) the trial court improperly admitted certain testimony and evidence.  ECF No. 1 at 5.  Petitioner states that he has fully exhausted his insufficient evidence and ineffective assistance of counsel claims through his state habeas petitions but does not state that he sought state habeas relief from his inadmissible evidence claim.  Petitioner is forewarned that all claims brought in a future federal habeas petition must be exhausted in the state courts, either through direct appeal or on habeas review.

2

§ 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*

Here, reasonable jurists would not find our conclusion debatable or conclude that petitioner should proceed further.  Thus, we recommend that the court decline to issue a certificate of appealability.

**Findings and Recommendations**

For the foregoing reasons, we recommend that the court dismiss the petition without prejudice and decline to issue a certificate of appealability.  These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within thirty days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated:    May 11, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.

4