UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. YOCOM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ATTORNEY GENERAL,<br><br>　　　　　Respondent. | Case No.　1:20-cv-00645-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FIRST AMENDED PETITION FOR FAILURE TO EXHAUST<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 15 |

　　　　Petitioner Michael A. Yocom, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  ECF No. 1.  On May 11, 2020, we issued findings and recommendations to dismiss the petition for failure to exhaust.  ECF No. 10.  In response, petitioner moved to file an amended petition.  ECF No. 11.  We granted him leave to do so and accordingly vacated our May 11, 2020 findings and recommendations.  ECF Nos. 12, 14.  Petitioner's first amended petition, ECF No. 15, is now before us for review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

**Discussion**

In his amended petition, just as in his original petition, petitioner states that his direct appeal is pending before the state court. *See* ECF No. 15 at 2; *People v. Yocom*, No. F077786 (Cal. Ct. App. July 13, 2018). In *Younger v. Harris*, 401 U.S. 37, 44 (1971), the Supreme Court held that a federal court generally cannot interfere with pending state criminal proceedings. This holding, commonly referred to as the *Younger* abstention doctrine, is based on the principle of federal-state comity. *See id*. In the habeas context, "[w]here . . . no final judgment has been entered in state court, the state court proceeding is plainly ongoing for purposes of *Younger*." *Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019). Therefore, when an appeal of a state criminal conviction is pending, "a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) ("[A] district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending." ). Accordingly, we recommend that the petition be dismissed without prejudice to refiling after the direct appeal is final.[1]

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires

---

[1] Petitioner is forewarned that absent rare circumstances, a federal habeas petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), and that his filing of the instant petition does not toll AEDPA's statute of limitations, *see Duncan v. Walker*, 533 U.S. 167, 181 (2001).

the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, we recommend that the court not issue a certificate of appealability.

**Findings and Recommendations**

For the foregoing reasons, we recommend that the court dismiss the petition. ECF No. 15. These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   June 5, 2020                                    _____
                                                                        UNITED STATES MAGISTRATE JUDGE

No. 206.