UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. YOCOM,<br><br>Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL,<br><br>Respondent. | No.  1:20-cv-00645-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MISCELLANEOUS MOTIONS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 18) |

Petitioner Michael A. Yocom is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 5, 2020, the assigned magistrate judge issued the pending findings and recommendations, recommending that the pending petition for federal habeas relief be dismissed because petitioner's direct appeal of his state court judgment of conviction is still pending before the state appellate court.  (Doc. No. 18.)  Accordingly, the magistrate judge recommended dismissing the pending petition without prejudice to its refiling, if necessary, after petitioner's proceedings on direct appeal in the state courts have concluded.  (*Id.* at 2.)  On June 22, 24, and

25, 2020, petitioner filed objections to the pending findings and recommendations. (Doc. No. 21.) Petitioner has also filed various miscellaneous motions seeking appointment of counsel and an evidentiary hearing (*see* Doc. Nos. 16, 17, 22, 27), and, confusingly, a motion to proceed *in forma pauperis* (*see* Doc. No. 26) despite this court having already authorized him to so proceed (*see* Doc. Nos. 8).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis

In his objections, petitioner contends that he need not wait for the direct appeal of his conviction to conclude before bringing the pending federal habeas petition because "there is no appeal in the State Courts as to []Counts 1 and 5[]," apparently contending that the pending petition challenges those counts, and that only "[]counts[] 2, 3, 4, and 6" are at issue in his direct appeal. (Doc. No. 21 at 1; *see also* Doc. Nos. 24, 25.) As the pending findings and recommendations correctly note, however, petitioner's argument in this regard does not mean that he can proceed with his petition prior to the conclusion of his appellate proceedings before the state courts.

> When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts

*Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). Here, petitioner concedes that his appeal of his state criminal conviction is still pending before the state appellate courts. (*See* Doc. No. 15 at 2.) Petitioner's objections therefore do not meaningfully dispute the magistrate judge's finding that the pending petition must be dismissed without prejudice to its refiling after his direct appeal from his judgment of conviction has come to a conclusion.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v.*

2

*Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The June 5, 2020 findings and recommendations (Doc. No. 18) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 15) is dismissed without prejudice to its refiling until after petitioner's direct appeal of his conviction at the state level has concluded;
3. The court declines to issue a certificate of appealability;
4. Petitioner's miscellaneous motions (Doc. Nos. 16, 17, 22, 26, 27) are denied as having been rendered moot by the issuance of this order; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **July 1, 2020**

UNITED STATES DISTRICT JUDGE