UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. YOCOM, | No. 1:20-cv-00645-DAD-JDP (HC) |
| Petitioner, | |
| v. | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| ATTORNEY GENERAL, | (Doc. No. 30) |
| Respondent. | |

Petitioner Michael A. Yocom is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is petitioner's motion for reconsideration (Doc. No. 30)[1] of the undersigned's July 1, 2020 order adopting (Doc. No. 28) the assigned magistrate judge's June 5, 2020 findings and recommendations (Doc. No. 18). In that order, the court dismissed petitioner's petition for federal habeas relief because petitioner's direct appeal of his state court judgment of conviction is still pending before the state appellate court. (Doc. No. 28.) The court dismissed the federal habeas petition without prejudice to its refiling after petitioner's direct appeal of his

---

[1] Though petitioner's filing is titled "please take Judicial Notice," the court will construe petitioner's filing as a motion for reconsideration because therein, petitioner states that the court "is wrong trying to have my case dismissed for failure to exhaust" and asks the court to "please reconsider [its] position." (Doc. No. 30 at 1.)

1

conviction at the state level has concluded.  (*Id.*)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, typically "not more than one year after the judgment or order or the date of the proceeding." *Id.* "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original).  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, petitioner has not claimed in his pending motion that any of the grounds requiring reconsideration are present—such as fraud, new evidence, or mistake—nor has he presented any

other reason that justifies the granting of relief. (*See* Doc. No. 30.) Rather, petitioner merely reiterates the same arguments he had presented in his objections to the magistrate judge's findings and recommendations. (*Compare id. with* Doc. Nos. 21, 24, 25.) In evaluating and adopting the magistrate judge's findings and recommendations, the undersigned considered and rejected petitioner's arguments. (Doc. No. 28.) As the court has explained several times to petitioner:

> When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.

*Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). In his pending motion for reconsideration, petitioner again concedes, as he did in his objections to the findings and recommendations, that his appeal of his state criminal conviction is still pending before the state appellate courts. (Doc. No. 30 at 1.) Petitioner has simply not provided any basis whatsoever to justify this court reconsidering its order dismissing his petition.

Accordingly, plaintiff's motion for reconsideration (Doc. No. 30) is denied.

IT IS SO ORDERED.

Dated: __**July 27, 2020**__           *[signature: Dale A. Drozd]*
                                        UNITED STATES DISTRICT JUDGE